UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY CALEB HATFIELD,

    Petitioner,

v.

KENNETH T. MCKEE,

    Respondent.

Case No. 2:15-cv-10101
Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING MOTION TO STAY [6, 7]**

A state jury convicted Petitioner Jeremy Caleb Hatfield of first-degree felony murder, possession of a firearm during the commission of a felony, and carrying a dangerous weapon with unlawful intent. In 2013, the Michigan Court of Appeals affirmed Hatfield's conviction, *see generally People v. Hatfield*, No. 311531, 2013 WL 5629781 (Mich. Ct. App. Oct. 15, 2013), and, in 2014, the Michigan Supreme Court denied Hatfield leave to appeal further, *People v. Hatfield*, 843 N.W.2d 499 (Mich. 2014). Hatfield is currently serving a sentence of life imprisonment without the possibility of parole.

On December 15, 2014, Hatfield signed a petition for habeas corpus pursuant to 28 U.S.C. § 2254; the Petition was docketed with this Court on January 28, 2015. (Dkt. 1.) In it, Hatfield asserts that his felony murder conviction is not supported by sufficient evidence in violation of the Fourteenth Amendment and, apparently, that his right to confrontation under the Sixth Amendment was violated through the admission of statements of a non-testifying co-defendant. (*See* Pet. at 8–9.)

On February 21, 2015, Hatfield signed a motion to stay these proceedings; that motion was docketed on February 25, 2015. (Dkt. 6, Mot. to Stay; *see also* Dkt. 7, Erroneous Mot. to Stay; Dkt. 8, Notice of Error.) In material part, Hatfield's motion says:

> 3. In the State's answer, it is argued that Petitioner's issues are either procedurally barred or forfeited due to counsel's failure to object and/or raise said issues during trial court proceedings.
>
> 4. An issue, in which, further illustrates Petitioner's claims of the ineffectiveness of both trial and appellate counsel.
>
> 5. Petitioner, acting In Pro Se, should be granted the opportunity to review the trial court record, and make the necessary procedural steps to effectively preserve and/or raise additional issue via 6.500 motion to the [state] trial court.
>
> 6. Under the circumstances described above, the undersigned believes that it would behoove him to present claims of the ineffectiveness of counsel to the trial court by way of motion for relief from judgment, prior to having his defaulted habeas corpus issues decided by this Court.

(Dkt. 6, Mot. to Stay at 1–2.)

Hatfield's factual assertions are not on point. Respondent has not answered. Respondent's answer is due in July 2015. Moreover, a review of Hatfield's Petition does not reveal an "ineffectiveness of counsel" claim.

Hatfield's motion is also problematic because the Court cannot assess the merit of Hatfield's ineffective-assistance claim. As this case does not involve a mixed petition as in *Rhines v. Weber*, 544 U.S. 269 (2005), "the question for this Court is whether to proceed in parallel (on the exhausted claims) with state-court post-conviction proceedings (on the unexhausted claim) or to hold off until those state proceedings conclude," *Thomas v. Stoddard*, — F. Supp. 3d. —, No. 14-13232, 2015 WL 927076, at *3 (E.D. Mich. Mar. 5, 2015). One primary consideration in answering this question is the relative merit of the exhausted and unexhausted claims. *Id.* ("If this Court were to proceed in parallel with state post-conviction

proceedings, there is a risk of wasting judicial resources if the state court might grant relief on the unexhausted claim. . . . The flip side is also relevant: if the exhausted claims in the petition appear to be very clear bases for habeas relief, proceeding to adjudicate those claims would likely save state-court resources."). Yet, Hatfield's motion to stay does not set forth his ineffective-assistance claim in sufficient detail to make this critical determination.

For these reasons, Hatfield's motion to stay (Dkts. 6; *see also* Dkts. 7, 8) is DENIED WITHOUT PREJUDICE.[1]

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated:  March 17, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 17, 2015.

s/Jane Johnson
Case Manager to
Honorable Laurie J. Michelson

---

[1] The Court notes that, as of today, it appears that a little over two months of AEDPA's one-year statute of limitations period remains. (The Michigan Supreme Court denied Hatfield leave to appeal on February 28, 2014 and the time for seeking a writ of certiorari with the United States Supreme Court expired 90 days later on May 29, 2014.) The Court adds that the one-year period will be tolled during the time in which any properly filed post-conviction or collateral action is pending in the state courts. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219–221 (2002).